| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| STEPHEN JACKSON, | No. 2:16-cv-3032 GEB DB PS |
|---|---|
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SOUTHWEST COUNTRYWIDE 2007 CORPORATE PASS-THROUGH CERTIFICATE SERIES, et al., | |
| Defendants. | |

Plaintiff Stephen Jackson, proceeding pro se, commenced this action on December 28, 2016, by filing a complaint and paying the required filing fee. (ECF No. 1.) This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

On April 12, 2017, the court issued an order setting this matter for a Status (Pretrial Scheduling) Conference before the undersigned on May 19, 2017. (ECF No. 4.) The April 12, 2017 order advised plaintiff that Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 90 days after the complaint was filed. On May 11, 2017, the undersigned issued an order to show cause which also continued the Status (Pretrial Scheduling) Conference due to plaintiff's failure to file a timely status report. (ECF No. 5.)

////

On May 23, 2017, plaintiff filed a response to the May 11, 2017 order to show cause. (ECF No. 6.) Accordingly, on June 13, 2017, the undersigned issued an order discharging the May 11, 2017 order to show cause and continuing the Status (Pretrial Scheduling) Conference to August 11, 2017. (ECF No. 7.) The order also ordered plaintiff to file a status report on or before July 28, 2017. Moreover, the order cautioned plaintiff that failure to timely comply with the order might result in a recommendation that this case be dismissed. (Id. at 2.) Nonetheless, the time provided plaintiff has expired and plaintiff has not responded to the June 13, 2017 order in any way. Nor has plaintiff filed proof of service on a defendant and no defendant has appeared in this action.

ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Here, plaintiff has repeatedly failed to comply with the court's orders. The June 13, 2017 order specifically warned plaintiff that the failure to timely comply with that order could result in a recommendation that this matter be dismissed. Plaintiff failed to respond to that order in any

manner. Moreover, Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 90 days after the complaint was filed. More than seven months have passed since plaintiff's complaint was filed and the docket does not reflect proof of service on, or the appearance of, any defendant.

In this regard, plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile. Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support the imposition of the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility. The undersigned will therefore recommend that this action be dismissed due to plaintiff's failure to prosecute as well as plaintiff's failure to comply with the court's orders. See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that the August 11, 2017 Status (Pretrial Scheduling) Conference is vacated.

Also, IT IS HEREBY RECOMMENDED that:

1) Plaintiff's December 28, 2016 complaint (ECF No. 1) be dismissed without prejudice; and

2) This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."

////
////
////
////

Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 8, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\jackson3032.dlop.f&rs