UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST COUNTRYWIDE 2007 CORPORATE PASS-THROUGH CERTIFICATE SERIES, et al.,<br><br>Defendants. | No. 2:16-cv-3032 GEB DB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Stephen Jackson, proceeding pro se, commenced this action on December 28, 2016, by filing a complaint and paying the required filing fee. (ECF No. 1.) This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

On December 29, 2016, plaintiff was served with a litigant letter that advised plaintiff that Rule 4 of the Federal Rules of Civil Procedure ("Rule") provides that if a defendant was not served within 90 days the defendant would be dismissed from the action without prejudice. (ECF No. 3.) On April 12, 2017, the court issued an order setting this matter for a Status (Pretrial Scheduling) Conference before the undersigned. (ECF No. 4.) That order again advised plaintiff that Rule 4 provides that a defendant must be dismissed if service of the summons and complaint are not accomplished on the defendant within 90 days after the complaint was filed. (Id. at 3.)

////

On May 11, 2017, the undersigned issued an order to show cause to plaintiff due to plaintiff's failure to file a timely status report. (ECF No. 5.) The order to show cause again advised plaintiff of the requirements of Rule 4. (Id. at 2.) On May 23, 2017, plaintiff filed a response to the order to show cause. (ECF No. 6.) Therein, plaintiff asserted that he had "been unable to locate either of the Defendants," but had "recently discovered another address" and intended to effect personal service that same week. (Id. at 2.)

More than two more months passed without a defendant appearing or plaintiff filing a proof of service. Accordingly, on August 9, 2017, the undersigned issued findings and recommendations recommending that this action be dismissed due to plaintiff's lack of prosecution. (ECF No. 8.) On August 24, 2017, plaintiff filed a "RESPONSE" to those findings and recommendations. (ECF No. 9.) Therein, plaintiff asserted that plaintiff was "not disregarding nor ignoring the Court's orders," but that plaintiff had been unable to serve summons on a defendant. (Id. at 2.)

Accordingly, the August 9, 2017, findings and recommendations recommending dismissal due to plaintiff's failure to prosecute were vacated on September 15, 2017. (ECF No. 10.) Plaintiff was granted an additional forty-five days to serve a defendant. (Id. at 3.) Plaintiff was cautioned that the failure to comply with that order could result in a recommendation that this case be dismissed due to plaintiff's failure to comply with Rule 4. (Id.) More than forty-five days has passed, no defendant has appeared in this action, and plaintiff has not filed proof of service on any defendant.

> Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect.

Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013) (quoting Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009)).

Here, this action was commenced almost one year ago. Despite being granted several extension of time, plaintiff has failed to serve any defendant. Plaintiff's most recent extension of time has passed and plaintiff has shown neither good cause nor excusable neglect for plaintiff's

failure to effect service.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Rule 4(m).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 17, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\jackson3032.rule4.f&rs